IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. 23-133 |
| **ZACHARY WILLIAM EASTERLY** | : | |

### GOVERNMENT'S SENTENCING MEMORANDUM

On August 30, 2022, defendant Zachary William Easterly assaulted an on-duty Special Agent with the Federal Air Marshal Service at Philadelphia International Airport. For the reasons provided below, the government submits that a sentence of incarceration below the Sentencing Guidelines range of 12 months is an appropriate sentence in this case.

**I.   INTRODUCTION**

On March 30, 2023, the government filed an Information charging Easterly with misdemeanor assault on a federal officer, in violation of 18 U.S.C. § 111(a)(1). On May 22, 2023, Easterly entered a plea of guilty to the Information pursuant to a plea agreement. The government submits this memorandum in advance of the sentencing hearing scheduled for August 21, 2023.

**II.   SENTENCING CALCULATION**

    **A.   Maximum Sentence**

Pursuant to 18 U.S.C. § 111(a)(1), the Court may impose the following statutory maximum sentence for misdemeanor assault on a federal officer: one year in prison, a $100,000 fine, one year of supervised release, restitution, forfeiture, and a $25 special assessment.

    **B.   Sentencing Guidelines Calculation**

The Probation Office correctly calculated Easterly's Total Offense Level at 13 and his

Criminal History Category as II, resulting in a Sentencing Guidelines range of 15 to 21 months' imprisonment. Because the total maximum sentence is 12 months, the Guidelines range is capped at 12 months' imprisonment. Easterly did not file any objections to these calculations. The details of the calculation are as follows:

| | | |
|---|---|---|
| Base Offense Level: | (USSG § 2A2.4(a)) | 10 |
| Physical Contact: | (USSG § 2A2.4(b)(1)(A)) | + 3 |
| Bodily Injury: | (USSG § 2A2.4(b)(2)) | + 2 |
| Acceptance of Responsibility: | (USSG § 3E1.1(a)) | - 2 |
| Total: | | 13 |
| Criminal History Category: | | II |
| Sentencing Guideline Range: | 15-21 months (but capped at 12 months) | |

## III.   SENTENCING ANALYSIS

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 128 S. Ct. 586, 596 (2007). Thus, the Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.

This Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or

vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

    A.  Nature and Circumstances of the Offense and History of the Defendant.

On August 30, 2022, R.M. was on duty as a Special Agent with the Federal Air Marshal Service at Philadelphia International Airport. While on duty, R.M. was in plainclothes while visibly displaying his tactical law enforcement badge, which was on a lanyard around his neck. At approximately 4:00 p.m., as R.M. was walking to his gate, R.M. heard a loud disturbance in the B Concourse. When R.M. turned the corner to the B Concourse, R.M. could see and hear defendant Zachary William Easterly screaming profanity and racial slurs at American Airline employees. While walking toward Easterly, R.M. repeatedly and loudly identified himself as "Police" while still displaying his badge on his lanyard.

As R.M. approached, Easterly used his right hand to grab R.M.'s throat. With his left hand, Easterly pulled off the lanyard with R.M.'s badge. With his right hand, Easterly then struck R.M. in the head. Easterly then violently struggled against R.M. as R.M. handcuffed and arrested Easterly. (At sentencing, the government will play a video of the assault for the Court, as well as display photos of R.M's injuries.)

Easterly has a lengthy criminal history. PSR ¶¶ 29-37. Specifically, he has been repeatedly convicted for disorderly conduct and alcohol-related offenses, including driving while intoxicated. PSR ¶¶ 30-36. Moreover, in May 2021, Easterly entered a nolo plea to assaulting his intimate partner. PSR ¶ 37. Unfortunately, his offense conduct in this case has similar themes:

assault, alcohol, and disorderly conduct.

    B.  The Need to Reflect the Seriousness of the Offenses, Promote Respect for the Law, Provide Just Punishment and Adequate Deterrence, and Protect the Public.

Considering the nature of the offense, a sentence of imprisonment is the best way to satisfy the goals of 18 U.S.C. §3553(a). The government is concerned with specific deterrence for this defendant. Notably, his prior criminal sentences – ranging from probation and house arrest to 10 days in jail – have been insufficient to deter him from dangerous conduct. There is also a need to deter others from this type of dangerous conduct, especially in airports.

    C.  The Need to Provide the Defendant with Medical Care or Education.

The defendant may benefit from a mental health evaluation, substance abuse treatment, and anger management. PSR ¶ 55. A term of supervised release will be beneficial for these purposes.

    D.  The Need to Prevent Unwarranted Sentencing Disparities.

The government is respectfully recommending a sentence below the Sentencing Guidelines range of 12 months. However, the government is recommending a sentence of imprisonment. Based upon the nature of the offenses and the characteristics of the defendant, this sentence is appropriate for this crime and does not present any risk of unwarranted sentencing disparities.

## IV.  **CONCLUSION**

For the reasons set forth above, the government respectfully requests that the Court impose a sentence of imprisonment that is below the Sentencing Guidelines range of 12 months.

                                      Respectfully submitted,

                                      JACQUELINE C. ROMERO
                                    United States Attorney

                                    */s Vineet Gauri*
                                    Vineet Gauri
                                    Assistant United States Attorney
                                    Chief, National Security & Cyber Crime

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing memorandum was sent by electronic mail and ECF to:

>Douglas P. Earl, Esq.
>dpearlattorney@aol.com

>*/s Vineet Gauri*
>Vineet Gauri
>Assistant United States Attorney

Date:   August 14, 2023